IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANNY CARLTON GRIPPER

                     **Petitioner,**

   v.                                    1:06-cv-2550-WSD

MICHAEL A. ZENK,

                     **Respondent.**

## OPINION AND ORDER

This is a habeas corpus petition filed by Petitioner Danny Carlton Gripper ("Petitioner") under 28 U.S.C. § 2241. It is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [2] on initial consideration pursuant to Rule 4 of the Rules Governing Section 2254 Case in the United States District Courts. Petitioner filed his Objection to the R&R on November 30, 2006. (Pet. Obj. [4].) In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which Petitioner has objected. The Court has reviewed the remainder of the Magistrate Judge's Report and Recommendation for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). The parties do not object to the Magistrate

Judge's findings of fact in the Report and Recommendation and, finding no plain error, the Court adopts the facts set forth in the Report and Recommendation.[1]

## I.     BACKGROUND

### A.     Procedural History

Petitioner filed this petition for habeas corpus on October 26, 2006, alleging that he is innocent of the crime of possession of a firearm by a convicted felon.  On November 17, 2006, Magistrate Judge Brill issued her Report and Recommendation, recommending the Court dismiss the petition because Petitioner had not exhausted his remedies pursuant to 28 U.S.C. § 2255.  On November 30, 2006, Petitioner filed his Objections to the R&R.

## II.    DISCUSSION

### A.    The Magistrate Judge's R&R

The Magistrate Judge reviewed the instant petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]  (R&R

---

[1] On November 22, 2006, Petitioner moved for an extension of time in which to file his objections to the Report and Recommendation [3].  For good cause shown, Petitioner's Motion for Extension of Time is **GRANTED** NUNC PRO TUNC.

[2] Rule 4 requires the Court to order summary dismissal of a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits

at 1-2.) The Magistrate Judge concluded that because Petitioner filed a § 2255 habeas petition currently pending before the United States District Court for the Western District of North Carolina, and because Petitioner failed to demonstrate that the remedy under § 2255 is ineffective or inadequate, the Court should dismiss the petition. (Id. at 5.)

    B.    Petitioner's Objections

Petitioner objects to the R&R, arguing that the Magistrate incorrectly viewed his petition as seeking to challenge the validity of his conviction and sentence. Instead, Petitioner claims that he challenges the "lawfulness of his custody." (Pet. Obj., at 2.) He argues that because he is actually innocent, he can bring his petition under § 2241.

A petitioner attacking his federal conviction and sentence generally must do so under a motion filed under 28 U.S.C. § 2255. United States v. Brown, 117 F.3d 471, 474 (11th Cir. 1997). In order to bring a § 2241 petition, a prisoner must show that an otherwise available remedy under § 2255 is "inadequate or ineffective." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999); see also 28 U.S.C. §

---

annexed to it that the petitioner is not entitled to relief in the district court." Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

2255.[3]  The Eleventh Circuit has held that a § 2241 petition is only available "when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  Id. at 1244.  Once Petitioner establishes that a § 2241 proceeding is available, "the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted."  Id. at 1244 n.3.

    Here, the Magistrate Judge properly denied relief.  Petitioner cannot show that § 2255 was inadequate or ineffective because he did not identify any retroactively applicable Supreme Court decision and did not show that he was convicted of a non-existent offense or that he could not have brought his claim earlier.  Petitioner filed a previous § 2255 motion in the Western District of North

---

[3] "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  Wofford, 177 F.3d at 1241 (quoting 28 U.S.C. § 2255).

Carolina, which is still pending, and he cannot employ § 2241 to avoid the limits on successive applications or to show that § 2255 is inadequate or ineffective. Petitioner's Objection to the Magistrate's conclusion is thus overruled.

### III.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Extension of Time [3] is **GRANTED** *NUNC PRO TUNC*.

**IT IS FURTHER ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation.  The instant petition for habeas corpus relief is **DISMISSED**.   The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 2nd day of March, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE